UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re: ) | |
| ) | |
| SONIA G. PALACIOS ) | Case No. 08-11172-SSM |
| ) | Chapter 13 |
| Debtor ) | |

**MEMORANDUM OPINION**

Before the court is the certification of exigent circumstances filed by the debtor in support of a request for a deferment of the credit counseling requirement imposed by § 109(h), Bankruptcy Code.  Because the stated circumstances—the debtor's current lack of income—does not constitute a legal basis for waiver of the credit counseling requirement, the request for deferment must be denied and the case must be dismissed.

The debtor, Sonia G. Palacios, filed a voluntary petition in this court on March 10, 2008, for adjustment of her debts under chapter 13 of the Bankruptcy Code.  Neither schedules nor a plan have yet been filed.   With her petition, the debtor filed a certification of exigent circumstances stating, in its entirety, "The reason I didn't receive credit counseling is because I cannot afford it since I have been unemployed since August '07."

Among the far-reaching changes made by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 is a requirement that individual debtors, within 180 days prior to filing a bankruptcy petition, receive from an approved nonprofit budget and credit counseling agency an individual or group briefing that outlines the opportunities for available credit counseling and that assists the individual in performing a related budget analysis. §109(h)(1),

1

Bankruptcy Code. The requirement may be deferred with respect to a debtor who submits to the court a certification that (1) "describes exigent circumstances that merit a waiver" of the credit counseling requirement; (2) "states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services . . . during the 5-day period beginning on the date on which the debtor made that request;" and (3) "is satisfactory to the court." §109(h)(3)(A)(i)-(iii). The exemption, if granted, is effective for 30 days. §109(h)(3)(B). In addition to deferring credit counseling for up to 30 days, the court has the power to exempt a debtor altogether from the counseling requirement, but only if the debtor is unable to complete the requirement because of mental incapacity, physical disability, or active military service in a military combat zone. § 109(h)(3)(B). Relevant to the present matter, a credit counseling agency, in order to be approved, must "provide services without regard to ability to pay the fee." § 111(c)(2)(B), Bankruptcy Code. In other words, if the client is without the ability to pay a fee for counseling, the agency must waive it.

As an initial matter, the court notes that the debtor's certification does not actually describe any exigent circumstances. An "exigent" circumstance is an urgent or emergency situation that makes it necessary to file a bankruptcy case immediately because bankruptcy relief would be unavailing if the filing of the petition had to be delayed to obtain credit counseling first. Common situations that may, depending on the circumstances, qualify as "exigent" include an impending foreclosure or eviction. *In re Childs*, 335 B.R. 623 (Bankr. D. Md. 2005).

If the failure to set forth exigent circumstances were the only deficiency, the court would give the debtor an opportunity to supplement the certificate. But even if the debtor were to show

that impending creditor action made an immediate filing necessary, a more fundamental problem is that financial hardship is not a grounds for waiving credit counseling.  As noted, in order to be approved, a non-profit credit counseling agency must have procedures for waiver of a fee if the client truly cannot afford to pay.[1]  The debtor's certification does not show that she contacted an approved credit counseling agency and was unsuccessful in obtaining a waiver of the fee.  Since the debtor has not set forth legally sufficient grounds for waiver of the credit counseling requirement, the court is unable to grant either a 30-day deferment or a permanent exemption and has no choice except to dismiss the case.

A separate order will be entered denying waiver of the creditor counseling requirement and dismissing the case.[2]

Date: _____                    _____
                                                  Stephen S. Mitchell
Alexandria, Virginia                              United States Bankruptcy Judge

---

[1]  The debtor's representation that she was unable to pay a fee for credit counseling because she has been unemployed for seven months raises a separate issue of eligibility. Only a person "with regular income" may be a debtor under chapter 13.  § 109(e), Bankruptcy Code. Without a demonstrated regular source of income, there is no way, as a practical matter, that the debtor could formulate and carry out a plan for the repayment of her debts.  For that reason, the case would probably have to be dismissed in any event.

[2]  Although dismissal is without formal prejudice to re-filing after the debtor obtains the required counseling, the debtor should be aware that if she files a new case within <u>one year</u> of the dismissal of the present case, the automatic stay that restrains most types of creditor activity will terminate after <u>30 days</u> unless, within that period, the debtor files—and the court, after notice and a hearing, grants—a motion to extend the automatic stay beyond the 30 days.  See § 362(c)(3), Bankruptcy Code.

Copies to:

Sonia G. Palacios
10358 Latney Rd.
Fairfax, VA 22032
Debtor *pro se*

Gerald M. O'Donnell, Esquire
211 North Union St., Suite 240
Alexandria, VA  22314
Chapter 13 trustee